UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: MARY E. BROWN-LEE,

Case No. 19-28702-kmp

Debtor

OBJECTION TO CONTINUATION OF THE AUTOMATIC
STAY BY CITY OF MILWAUKEE

The City of Milwaukee (the "City"), a creditor of the debtor, by its attorneys, Grant F. Langley, City Attorney, by Kevin P. Sullivan, Assistant City Attorney, hereby objects (the "Objection") to the debtor's motion for continuation of the automatic stay (the "Motion") and, in support of such Objection, represents and shows to the court as follows:

### A. FACTS

1. The debtor owes the City $12,107.59 for delinquent real estate taxes for levy years 2015 and all subsequent years as it relates to the debtor's property located at 3909 N. 11th Street and $8,023.92 for delinquent real estate taxes for levy years 2016 and all subsequent years as it relates to the debtor's property at 3879 N. 6th Street (collectively, the "Property"), all as shown by the property tax searches attached hereto as Exhibits A and B (the "City Claim").

2. Debtor filed her petition on September 6, 2019 to commence this bankruptcy case (the "Current Bankruptcy").

3. The debtor's most recent bankruptcy proceeding prior to the Current Bankruptcy was filed July 24, 2018 as case no. 18-27122 and dismissed December 4, 2018 (the "Prior Bankruptcy"), based upon the debtor's failure to make plan payments.

4. Because the Current Bankruptcy was filed within one year of the dismissal of the Prior Bankruptcy, the automatic stay in the Current Bankruptcy is effective only for thirty days following filing pursuant to operation of 11 U.S.C. § 362(c)(3)(C).

5. In order to prevail on her Motion, and obtain a continuation of the automatic stay, the debtor must demonstrate that the Current Bankruptcy was filed "in good faith." 11 U.S.C. 362(c)(3)(B).

### B. MOTION AND AFFIDAVIT NOT ACCURATE

6. The Motion and the debtor's affidavit in support thereof (the "Affidavit") states the Prior Bankruptcy was dismissed because of a failure "to provide the trustee with a broker's price opinion and file an amended feasible plan."

7. While this is true, the primary reason for the dismissal of the Prior Bankruptcy was the debtor's failure to make any payment to the trustee whatsoever during the pendency of the Prior Bankruptcy, as demonstrated by the trustee's status report, a copy of which is attached hereto as Exhibit C.

8. In failing to include the fact that the debtor failed to make any payments in the Prior Bankruptcy, the Motion and Affidavit are not accurate and lack the requisite good faith for filing the Current Bankruptcy.

### C. PROPOSED PLAN NOT FEASIBLE

9. The debtor's proposed Chapter 13 plan calls for a monthly payment in the amount of $575.95 per month (the "Plan Payment").

10. The debtor's Schedule I relied upon the sum of $244.00 per month as income from a source identified only as "Kinship" in order to demonstrate her ability to make the Plan Payment.

2

11. The debtor cannot rely upon such a vague, uncertain, nonsustainable and unverifiable source of income to fund a large portion of her plan payment while still meeting the feasibility test of 11 U.S.C. § 1325(a)(6).

12. To propose such an unfeasible Chapter 13 plan demonstrates the debtor's lack of good faith in the Current Bankruptcy.

### D. FAILURE TO MAKE PAYMENTS

13. The sole (and only very thinly disguised) purpose of the Current Bankruptcy, as was the case in the Prior Bankruptcy, is an attempt to utilize the automatic stay to prevent the City from proceeding with an *in rem* tax lien foreclosure action against the Property in respect of the City Claim.

14. During the Prior Bankruptcy, the debtor made no payments whatsoever to the trustee or to the City on taxes levied upon the Property, which remain unpaid and delinquent.

15. In fact, the amount which the debtor owes the City in respect of the City Claim has increased steadily and dramatically during the pendency of the Prior Bankruptcy and all other bankruptcy proceedings, demonstrating the debtor's continued usage of bankruptcy not as a means of paying her debts, but as a means of avoiding the consequences of not paying her debts.

16. The debtor's total failure to make payments, in or during the Prior Bankruptcy, demonstrates a lack of good faith in connection with the Current Bankruptcy.

### E. LACK OF EQUITY AND NO ADEQUATE PROTECTION

17. The current value of the debtor's Property, as shown by the debtor's Schedule A is as follows: (the "Value"):

> 3879 N. 6th Street - $8,000.00;
>
> 3909 N. 11th Street - $11,000.00.

3

Case 19-28702-kmp    Doc 23    Filed 09/30/19    Page 3 of 8

18. The amount of the City Claim in respect of each Property is an amount which is greater than the Value of each Property.

19. Accordingly, the debtor has no equity in either Property such that, if the automatic stay were in effect, the court would be obliged to grant relief from the stay with respect to any act against the Property, all as provided by 11 U.S.C. 362(d)(2).

20. Notwithstanding that the City Claim exceeds the Value of the Property; the debtor's proposed Chapter 13 offers no adequate protection for the City Claim.

21. The failure to provide adequate protection for the City Claim demonstrates a lack of good faith in the Current Bankruptcy.

### F. CONCLUSION

22. Based upon the Prior Bankruptcy, during which the delinquent tax obligation in respect of the Property continued to increase, based further upon the debtor's bad faith omissions in the Motion and Affidavit relative to her nonpayment in the Prior Bankruptcy, based further on the debtor's failure to make any payments in the Prior Bankruptcy, based further upon the debtor's inability to propose a feasible plan, based further on the debtor's lack of any equity in the Property, and based further upon the failure to provide the City Claim with adequate protection, the debtor has failed to meet her burden of proof that the Current Bankruptcy has been filed in good faith. As the Current Bankruptcy has not been filed in good faith, the court must not grant the debtor's Motion.

WHEREFORE, the City objects to the continuation of the automatic stay as it relates to the City and the Property, and requests that the court deny the Motion such that the automatic stay terminates 30 days after the filing of the debtor's petition in the Current Bankruptcy, all pursuant to 11 U.S.C. 362(c)(3)(C).

Dated, signed and filed at Milwaukee, Wisconsin this 30th day of September, 2019.

GRANT F. LANGLEY
City Attorney

/s/ KEVIN P. SULLIVAN
Assistant City Attorney
State Bar No. 1005718
Attorneys for City of Milwaukee

Drafted by:
Kevin P. Sullivan
Assistant City Attorney
200 East Wells Street, Suite 800
Milwaukee, WI 53202
414-286-2601
ksulli@milwaukee.gov

CADB01-263423

# City of Milwaukee Property Tax Search

## Account Info for 2018

| | |
|---|---|
| Account Type: | REAL ESTATE |
| Tax Key / Account Number: | 2721001000 |
| Property Address: | 3879 N 6TH ST |

## Owner of Record

| | |
|---|---|
| Name: | MARY BROWN LEE |
| Address: | 3879 N 6TH ST |
| City / State / Zip Code: | MILWAUKEE, WI 53212 |

## Assessed Values

| | |
|---|---|
| Land: | $3,200 |
| Improvements: | $31,900 |
| Total: | $35,100 |

## Total Amount Due Through 09/27/2019

| Levy Year | Bill Number | Tax Principal | Special Charges | Special Assessments | Unpaid Balance | Interest & Penalties | Costs & Fees | Total Due | Account Status | Enforce Status |
|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | 51660 | $841.11 | $100.00 | $0.00 | $748.62 | $89.84 | $0.00 | $838.46 | Delinquent | 2nd InRem File |
| 2017 | 49480 | $693.09 | $4,079.00 | $0.00 | $4,772.09 | $1,431.63 | $0.00 | $6,203.72 | Delinquent | 2nd InRem File |
| 2016 | 4239384 | $725.26 | $0.00 | $0.00 | $572.12 | $274.62 | $135.00 | $981.74 | Delinquent | 2nd InRem File |
| 2015 | 4077439 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Paid In Full | 2nd InRem File |
| Summary | | | | | | | | $8,023.92 | | |

Printed on 9/27/2019 at 3:07:46 PM



EXHIBIT A

# City of Milwaukee Property Tax Search

## Account Info for 2018

| | |
|---|---|
| Account Type: | REAL ESTATE |
| Tax Key / Account Number: | 2722334000 |
| Property Address: | 3909 N 11TH ST |

## Owner of Record

| | |
|---|---|
| Name: | MARY BROWN-LEE |
| Address: | 3909 N 11TH ST |
| City / State / Zip Code: | MILWAUKEE, WI 53206-0000 |

## Assessed Values

| | |
|---|---|
| Land: | $2,900 |
| Improvements: | $36,000 |
| Total: | $38,900 |

## Property Notes

Chapter 13 Bankruptcy
3rd InRem file

## Total Amount Due Through 09/27/2019

| Levy Year | Bill Number | Billed Amounts Tax Principal | Billed Amounts Special Charges | Billed Amounts Special Assessments | Unpaid Balance | Interest & Penalties | Costs & Fees | Total Due | Account Status | Enforce Status |
|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | 51868 | $776.55 | $0.00 | $0.00 | $691.32 | $82.96 | $0.00 | $774.28 | Delinquent | Chapter 13 Bankruptcy |
| 2017 | 49668 | $683.51 | $2,324.13 | $0.00 | $3,007.64 | $902.31 | $0.00 | $3,909.95 | Delinquent | Chapter 13 Bankruptcy |
| 2016 | 4239593 | $743.84 | $2,543.66 | $0.00 | $622.24 | $298.66 | $0.00 | $920.90 | Delinquent | Chapter 13 Bankruptcy |
| 2015 | 4077648 | $946.40 | $2,635.80 | $0.00 | $3,582.20 | $2,364.26 | $556.00 | $6,502.46 | Delinquent | Chapter 13 Bankruptcy |
| Summary | | | | | | | | $12,107.59 | | |

Printed on 9/27/2019 at 2:43:33 PM


EXHIBIT B

| get case status | logout | Chapter 13 Trustee Online Case Status System |

# Scott Lieske, Chapter 13 Trustee
### Status of Claims as of 9/27/2019
### Case # 18-27122 GMHClosed - Dismissed

MARY E BROWN-LEE

MARY E BROWN, MARY E LEE

60 Remaining of 60 Mos.
Pay Unsecured 4.60%
Current Debtor Pmt: $456.00 / Monthly

Atty: ESSERLAW LLC

## Summary

Filed: 7/24/2018  
First Mtg: 9/6/2018 11:30:00 AM

Confirm Hearing:  
Plan Filed: 8/7/2018  
Min to Unsecured: $5,391.44

Base Amount: $0.00    Debtor Refunds: $0.00  
Total Paid In: $0.00  
Balance on Hand: $0.00

### Payment History

No Payment History

Show Details

## Claims

| Creditor Name | Clm Num | Last Pymt | Cls | Int Rate | Fixed Pymt | Disb Code | Debt | Principal Paid | Claimed | Tot Int Pd | Balance | Accrued Int |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESSERLAW LLC | 001-0 | | L | 0.00% | $0.00 | 10 | $1,000.00 | $0.00 | $1,000.00 | $0.00 | $1,000.00 | $0.00 |
| GET IT NOW | 002-0 | | S | 5.00% | $0.00 | 24 | $600.00 | $0.00 | $600.00 | $0.00 | $600.00 | $0.00 |
| GET IT NOW | 002-1 | | U | 0.00% | $0.00 | 33 | $67.07 | $0.00 | $1,458.32 | $0.00 | $67.07 | $0.00 |
| CITY OF MILWAUKEE | 003-0 | | S | 12.00% | $0.00 | 24 | $5,344.21 | $0.00 | $5,344.21 | $0.00 | $5,344.21 | $0.00 |
| CITY OF MILWAUKEE | 003-1 | | S | 0.00% | $0.00 | 24 | $583.97 | $0.00 | $583.97 | $0.00 | $583.97 | $0.00 |
| CITY OF MILWAUKEE | 004-0 | | S | 0.00% | $0.00 | 24 | $583.97 | $0.00 | $0.00 | $0.00 | Scheduled | $0.00 |
| CITY OF MILWAUKEE | 005-0 | | S | 12.00% | $0.00 | 24 | $7,212.08 | $0.00 | $7,212.08 | $0.00 | $7,212.08 | $0.00 |
| CITY OF MILWAUKEE | 005-1 | | S | 0.00% | $0.00 | 24 | $2,471.70 | $0.00 | $2,471.70 | $0.00 | $2,471.70 | $0.00 |
| CITY OF MILWAUKEE | 006-0 | | S | 0.00% | $0.00 | 24 | $2,050.70 | $0.00 | $0.00 | $0.00 | Scheduled | $0.00 |
| ROBERT HYNDMAN | 007-0 | | U | 0.00% | $0.00 | 33 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed | $0.00 |
| INTERNAL REVENUE SERVICE | 008-0 | | P | 0.00% | $0.00 | 28 | $727.90 | $0.00 | $727.90 | $0.00 | $727.90 | $0.00 |
| WI DEPT OF REVENUE | 009-0 | | P | 0.00% | $0.00 | 28 | $0.00 | $0.00 | $0.00 | $0.00 | Scheduled | $0.00 |
| ACL LABORATORIES | 010-0 | | U | 0.00% | $0.00 | 33 | $751.00 | $0.00 | $0.00 | $0.00 | Scheduled | $0.00 |
| AT&T | 011-0 | | U | 0.00% | $0.00 | 33 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed | $0.00 |
| BADGER MUTUAL INSURANCE CO. | 012-0 | | U | 0.00% | $0.00 | 33 | $0.00 | $0.00 | $0.00 | $0.00 | Scheduled | $0.00 |
| CAINE & WEINER | 013-0 | | U | 0.00% | $0.00 | 33 | $168.00 | $0.00 | $0.00 | $0.00 | Scheduled | $0.00 |
| CHASE | 014-0 | | U | 0.00% | $0.00 | 33 | $200.00 | $0.00 | $0.00 | $0.00 | Scheduled | $0.00 |
| CHEXSYSTEMS | 015-0 | | U | 0.00% | | | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed | $0.00 |
| CITY OF MILWAUKEE | 016-0 | | U | 0.00% | | | | $0.00 | $0.00 | $0.00 | Scheduled | $0.00 |
| CITY OF MILWAUKEE | 017-0 | | U | 0.00% | | | | $0.00 | $0.00 | $0.00 | Scheduled | $0.00 |
| | 018-0 | | U | 0.00% | | | | $0.00 | $17,467.46 | $0.00 | $803.38 | $0.00 |

EXHIBIT C