UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: Mary E. Brown-Lee,
                  Debtor.

Case No. 19-28702
Chapter 13

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT

5230 Sherman, LLC ("Landlord"), by its attorneys, Darnieder & Sosnay, moves the court, pursuant to Sec. 362(d) of the Bankruptcy Code, for an order granting it relief from the stay imposed by Sec. 362(a) of the Bankruptcy Code and abandonment pursuant to Sec. 554(b), and that the fourteen (14) day stay pursuant to Bankruptcy Rule 4001(a)(3) not be given effect, and alleges as follows:

1. Debtor filed a petition under Chapter 13 of the Bankruptcy Code on September 6, 2019.

2. Debtor entered into a lease with Landlord with respect to the property at 5230 N. Sherman Blvd., Apt. 19, Milwaukee, WI 53209, which upon information and belief the debtor currently occupies.

3. That the Debtor has failed to make the monthly rental payment of $670.00 due on September 1, 2019 and October 1, 2019 is currently past due $1,440.00.

4. As of the date of this motion, the Debtor's plan does not address the lease agreement between the Landlord and Debtor or any post-petition payments.

5. Landlord does not have protection from the Debtor in the form of money payments.

6. Based upon the above information and the information contained in the court's bankruptcy file, 5230 Sherman, LLC does not have adequate protection with regard to their note, therefore, relief from the automatic stay provisions of the United States Bankruptcy Code is requested, as well as such other and further relief as is deemed appropriate by the court.

Dated at Milwaukee, Wisconsin this this 1st day of October, 2019.

DARNIEDER & SOSNAY

By: _____
Michael A. Sosnay, State Bar No: 1059549
Attorney for 5230 Sherman, LLC

Michael A. Sosnay – State Bar No. 1059549
Darnieder & Sosnay
735 N. Water St., Suite 205
Milwaukee, WI 53202
Phone: (414) 277-1400 Fax: (414) 277-7087
E-Mail: mike@dwdglaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re: Mary E. Brown-Lee,
                  Debtor.

Case No. 19-28702
Chapter 13

---

**NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT**

---

5230 Sherman, LLC ("Landlord") has filed papers with the court to obtain relief from the automatic stay and abandonment.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to lift the automatic stay, or if you want the court to consider your views on the motion, then on or before 14 days from the date of this notice, you and your attorney must:

File with the court a written request for a hearing by contacting:

        U.S. Bankruptcy Court
        517 E. Wisconsin Avenue
        Milwaukee, WI 53202

If you mail your request to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:  Michael A. Sosnay
                                    Darnieder & Sosnay
                                    735 N. Water St., Suite 205
                                    Milwaukee, WI 53202

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated at Milwaukee, Wisconsin this 1st day of October, 2019.

                                                    DARNIEDER & SOSNAY

                                  By:  _____
                                           Michael A. Sosnay, State Bar No: 1059549
                                           Attorney for 5230 Sherman, LLC

Michael A. Sosnay – State Bar No. 1059549
Darnieder & Sosnay
735 N. Water St., Suite 205
Milwaukee, WI 53202
Phone: (414) 277-1400 Fax: (414) 277-7087
E-Mail: mike@dwdglaw.com

# BERRADA PROPERTIES MANAGEMENT INC.
## RESIDENTIAL RENTAL AGREEMENT

This Agreement for the premises identified below is entered into by and between the Landlord and Tenant (referred to in the singular whether one or more) on the following terms and conditions:

**TENANT:** MARY BROWN LEE

**OTHERS:** _____

**PREMISES:** 5230 N Sherman Blvd, Apt. 19
Milwaukee, WI 53209

**RENT:** Rent of $ 670 for Premises is Due on the First Day of Each Month and is Payable at:

| IN PERSON: | BY MAIL: |
|---|---|
| BERRADA PROPERTIES PAYMENT CENTER | BERRADA PROPERTIES MANAGEMENT |
| 9049 N 76TH ST | PO BOX 241191 |
| MILWAUKEE, WI 53223 | MILWAUKEE, WI 53224 |
| (262) 236-0368 | (262) 236-0368 |

If rent is received after 5pm on the 5th of the month the Tenant shall pay a late fee of $50 and if rent is not paid in full by 5pm on the 10th of the month, the tenant shall pay an additional late fee of $50. Charges incurred by Landlord for Tenant's returned checks are payable by **Tenant**. Landlord shall provide a receipt for cash payments of rent. All tenants, if more than one, are jointly and severally liable for the full amount of any payments due under this Agreement. Acceptance of a delinquent payment does not constitute a waiver of that default or any other default under this Agreement. Other Landlord or Tenant obligations:

**LANDLORD:** 5230 N SHERMAN LLC

Agent for maintenance, management, service of process, and collection of rents is:

BERRADA PROPERTIES MANAGEMENT INC.
P.O BOX 241191
MILWAUKEE, WI 53224

**CALL CENTER:** *(262) 236-0368*
  *Extension #2 Maintenance*
  *Extension #3 Any Other Inquiries*

**EMAIL:** info@berradaproperties.com

**TERM: MONTH TO MONTH BEGINNING ON** 06 / 01 / 2019
NOTE: An Agreement for a fixed term expires without further notice. If tenancy is to be continued beyond this term, parties should make arrangements for this in advance of the expiration.
If utilities or services payable by Tenant are not separately metered, tenant's share of payments are allocated as follows:

PAGE 1

**UTILITIES** *(IF INCORRECTLY MARKED "LANDLORD" AND TENANT RECEIVES BILL FOR GAS SERVICES, LANDLORD IS NOT RESPONSIBLE FOR CHARGES)*

Gas Paid By          Tenant __✓__ Landlord_____
Heat Paid By         Tenant __✓__ Landlord_____
Hot Water Paid By Tenant __✓__ Landlord_____
Electricity Paid By **Tenant**
Air Conditioning Paid By **Tenant**. Landlord not responsible for replacement, service or repair.
Sewer/Water Paid By **Landlord**
Trash Paid By **Landlord**
Other _____

**SECURITY DEPOSIT:** Upon execution of this Agreement, Tenant shall pay a security deposit in the amount of $ __670__ to be held by Landlord or Landlord's agent. The deposit, less any amounts gally withheld, will be returned to Tenant's last known address within twenty-one (21) days after any event set forth in §704.28(4), Wis. Stats. If any portion of the deposit is withheld, Landlord must provide Tenant with a written statement accounting for amounts withheld. The statement shall describe each item of physical damage or other claim made against the security deposit, and the amount withheld as reasonable compensation for each item or claim. If repair costs are not known within twenty-one (21) days Landlord may use a good faith estimate in the written accounting. The reasonable cost for tenant damage, waste, or neglect of the premises, normal wear and tear excluded, may be deducted from Tenant's security deposit as well as any amounts set forth in §704.28(1), Wis. Stats. Tenant has seven (7) days from the beginning of the term of the Agreement to notify Landlord of any additional damage or defects existing prior to the Tenant's occupancy and/or request in writing a list of physical damages or defects, if any, charged against the previous tenant's security deposit. No deduction from Tenant's security deposit shall be made for any such damage or defect for which written notification was given within the time stated. Tenant may not use the security deposit as payment for the last month's rent without the written permission of Landlord.

**DEDUCTIONS FROM PRIOR TENANT'S SECURITY DEPOSIT:** Tenant is hereby notified that Tenant may do any of the following within seven (7) days after the start of their tenancy: (a) inspect the unit and notify Landlord of any pre-existing damages or defects, and (b) request a list of physical damages or defects charged against the previous Tenant's security deposit. If such a request is made by Tenant, Landlord will supply Tenant with a list of all physical damages or defects charged against the previous tenant's security deposit regardless of whether or not those damages or defects have been repaired. Said list will be provided to Tenant within thirty (30) days from when the request was received or within seven (7) days after Landlord notifies the previous tenant of the security deposit deductions, whichever occurs later. Landlord need not disclose previous tenant's identity nor the amount deducted from the previous tenant's security deposit.

**TIME IS OF THE ESSENCE\*:** As to delivery of possession of Premises to Tenant, completion of repairs promised in writing in the Agreement or before; vacating of the Premises, return of Landlord's property, payment of rent, performance of any act for which a date is set in this Agreement or by law.
*Time is of the essence means that a deadline must be strictly followed.*

**SPECIAL PROVISIONS:** (Strike ONE)

    **DOGS:**          NOT ALLOWED    ☐ OTHER: _____
    **SATELLITE:**   ☐ Allowed *(NOT on Building / in grass)* ☑ NOT ALLOWED
    **PARKING:**    ☑ PERMIT ONLY ☐ PARKING FEE $_____ x _____ VEHICLES = $_____
                     ☑ OTHER: **1 KMK PERMIT - FIRST COME FIRST SERVE** ☐ NOT APPLICABLE
    **OTHER:**       **APPLIANCES, CENTRAL A/C, AND/OR DISH WASHERS ARE NOT INCLUDED WITH YOUR UNIT,** nor repaired by Berrada Properties. If available in your unit, your welcome to use, however we will not repair / replace. We will remove them if requested.

**RENTAL DOCUMENTS:** Landlord has given Tenant a copy of the Residential Rental Agreement as well as any Rules and Regulations, if applicable, for review prior to entering into this Agreement and prior to accepting any earnest money or security deposit.

*Pets and Water Beds are NOT PERMITTED unless indicated otherwise in writing.*

**NOTE: SIGNING OF THIS AGREEMENT CREATES LEGALLY ENFORCEABLE RIGHTS.**

**CO-SIGNER / Guarantor**

In consideration of Landlord renting the Premises, to Tenant, the undersigned guarantees payment of all amounts due under this Agreement and performance of all covenants. This Guarantee is irrevocable and is not affected by modification or extension of this Agreement.

**LANDLORD / AGENT**

Signature: *[signed]* Date: 6/14/19

Print Name: BERRADA PROPERTIES MANAGEMENT INC.

**TENANT**

Signature: *[signed]* Date: 6/14/19

Print Name: MARY BROWN LEE

Signature: _____ Date: _____

Print Name: _____

Signature: _____ Date: _____

Print Name: _____

Signature: _____ Date: _____

Print Name: _____

NOTICE TO VACATE: **Lease for Term** - Landlord and Tenant should discuss prior to the end of the original lease term whether or not they wish to continue the tenancy beyond the original lease term and if so, enter into a new rental agreement accordingly. *Written notice must be received by the other party at least thirty (30) days prior to the ending of lease term.* **Month to Month Tenancy** – *Written notice must be received by the other party at least thirty (30) days prior to the ending of a month to month tenancy.* A month to month tenancy may only be terminated at the end of a rental period. A rental period runs from the first day of a calendar month through the last day of a calendar month.

CONTROLLING LAW: Landlord and Tenant understand their rights and obligations under this Agreement and that they are subject to the laws of Wisconsin, including Chapter 704 and Chapter 799 of the Wisconsin Statutes, Wisconsin Administrative Code Chapter ATCP 134, and applicable local ordinances. Both parties shall obey all governmental orders, rules and regulations related to the Premises, including local housing codes.

CONDITION OF PREMISES: Tenant has had the opportunity to inspect the rental unit and has determined that it will fulfill their needs and acknowledges that the unit is in good and satisfactory condition, except as noted in the Check-In / Check-Out sheet provided to them, prior to taking occupancy. Tenant agrees to maintain the premises during their tenancy and return it to Landlord in the same condition as it was received less normal wear and tear.

POSSESSION AND ABANDONMENT: Landlord shall give Tenant possession of the Premises as provided. Tenant shall vacate the Premises and return all of Landlord's property promptly upon the expiration of this Agreement, including any extension or renewal, or its termination, in accordance with its terms and the law. A Tenant will be considered to have surrendered the Premises on the last day of the tenancy provided under this Agreement, except that, if the Tenant vacates before the last day of the tenancy, and gives Landlord written notice that Tenant has vacated, surrender occurs when Landlord receives the written notice that Tenant has vacated. If the Tenant mails the notice to Landlord, Landlord is deemed to have received the notice on the second day after mailing. If Tenant vacates the Premises after the last day of the tenancy, surrender occurs when Landlord learns that Tenant has vacated. If Tenant abandons the Premises before expiration or termination of this Agreement or its extension or renewal, or if the tenancy is terminated for Tenant's breach of this Agreement, Landlord shall make reasonable efforts to re-rent the Premises and apply any rent received, less costs of re-renting, toward Tenant's obligations under this Agreement. Tenant shall remain liable for any deficiency. If Tenant is absent from the Premises for two (2) successive weeks without notifying Landlord in writing of this absence, Landlord may deem the Premises abandoned unless rent has been paid for the full period of the absence.

ABANDONED PROPERTY: If Tenant vacates or is evicted from the premises and leaves personal property, Landlord may presume, in the absence of a written agreement between the Landlord and Tenant to the contrary, that the Tenant has abandoned the personal property and Landlord may dispose of it in any manner that the Landlord, in his sole discretion, determines is appropriate. Landlord will not store any items of personal property that tenant leaves behind when tenant vacates or is evicted from the premises, except for prescription medicine or prescription medical equipment, which will be held for seven (7) days from the date of discovery. If Tenant abandons a manufactured or mobile home or a titled vehicle, Landlord will give Tenant and any other secured party that Landlord is aware of, written notice of intent to dispose of property by personal service, regular mail, or certified mail to Tenant's last known address, prior to disposal.

USE OF PREMISES AND GUESTS: Tenant shall use the Premises for residential purposes only. Operating a business or providing child care for children not listed as occupants in this Agreement is prohibited. Neither party may: (1) make or knowingly permit use of the Premises for any unlawful purpose; (2) engage in activities which unduly disturb neighbors or tenants; and/or (3) do, use, or keep in or about the Premises anything which would adversely affect coverage under a standard fire and extended insurance policy. Tenant may have guests residing temporarily in Premises if their presence does not interfere with the quiet use and enjoyment of other tenants and if the number of guests is not excessive for the size and facilities of the Premises. No guest may remain for more than two (2) weeks without written consent of Landlord which will not be unreasonably withheld. Tenant shall be liable for any property damage, waste, or neglect of the Premises, building, or development in which it is located, that is caused by the negligence or improper use by Tenant or Tenant's guests and invitees.

CRIMINAL ACTIVITY PROHIBITED: Tenant, any member of Tenant's household, guest, or invitee, shall not engage in or allow others to engage in any criminal activity, including drug-related criminal activity, in the Premises or on the property.

MAINTENANCE: Pursuant to §704.07, Wis. Stats., Landlord shall keep the structure of the building in which the Premises are located and those portions of the building and equipment under Landlord's control in a reasonable state of repair. Tenant shall maintain the Premises under Tenant's control in a clean manner and in as good of a general condition as it was at the beginning of the term or as subsequently improved by Landlord, normal wear and tear excluded. Tenant shall not physically alter or redecorate the Premises, cause any contractor's lien to attach to the Premises, commit waste to the Premises or the property of which it is a part, or attach or display anything which substantially affects the exterior appearance of the Premises or the property in which it is located, unless otherwise allowed under the rules or unless Landlord has granted specific written approval. Landlord shall keep heating equipment in a safe and operable condition. Whichever party is obligated to provide heat for the Premises they shall maintain a reasonable level of heat to prevent damage to the Premises and the building in which it is located.

BREACH AND TERMINATION: Failure of either party to comply substantially with any material provision is a breach of this Agreement. Should Tenant neglect or fail to perform or observe any of the terms of this Agreement, Landlord shall give Tenant written notice of the breach requiring Tenant to remedy the breach or vacate the Premises on or before a date at least five (5) days after the giving of such notice, and if Tenant fails to comply with such notice, Landlord may declare the tenancy terminated and proceed to evict Tenant from the Premises, without limiting the liability of Tenant for the rent due or to become due under this Agreement. If Tenant has been given such notice and remedied the breach or been permitted to remain in the Premises, and within one (1) year of such previous breach, Tenant breaches the same or any other covenant or condition of Tenant's lease, this lease may be terminated if, before the breach has been remedied, Landlord gives notice to Tenant to vacate on or before a date at least fourteen (14) days after the giving of the notice as provided in §704.17, Wis. Stats. These provisions shall apply to any lease for a specific term and do not apply to a month to month tenancy. If Landlord commits a breach, Tenant has all rights, and remedies as set forth under the law, including §704.07(4) and §704.45, Wis. Stats., and Wisconsin Administrative Code Chapter ATCP 134.

RESPONSIBILITY FOR UTILITIES: Tenant must maintain utilities for the Premises until the end of the lease term or until the last day that Tenant is responsible for rent. Tenant will be responsible for the cost of all utilities through the end of the lease term or until the last day that Tenant is responsible for rent.

RENT: All late fees, security deposit, utility charges, or any other monetary amount set forth under this Agreement are to be considered and defined as "rent."

REPAIRS: Any promise by Landlord, made before execution of this Agreement, to repair, clean, or improve the Premises, including the promised date of completion, will be noted in this Agreement or in a separate addendum to this Agreement. Time being of the essence as to completion of repairs does not apply to any delay beyond Landlord's control. Landlord shall give timely notice of any delay to Tenant.

CODE VIOLATIONS AND ADVERSE CONDITIONS: There are no code violations or other conditions affecting habitability of the Premises unless indicated otherwise in writing.

RENTERS INSURANCE RECOMMENDED: Landlord recommends that Tenant purchase Renter's insurance to protect Tenant's personal property and to protect Tenant from any liabilities while living at the property. Tenant understands that if they do not purchase Renter's insurance that Tenant may not have any insurance coverage should Tenant's belongings be damaged or should Tenant be held liable to a third party and/or the Landlord.

NOTICE OF DOMESTIC ABUSE PROTECTIONS:
1. As provided in section 106.50 (5m) (dm) of the Wisconsin statutes, a tenant has a defense to an eviction action if the tenant can prove that the landlord knew, or should have known, the tenant is a victim of domestic abuse, sexual assault, or stalking and that the eviction action is based on conduct related to domestic abuse, sexual assault, or stalking committed by either of the following:
   (a) A person who was not the tenant's invited guest.
   (b) A person who was the tenant's invited guest, but the tenant has done either of the following:
      (1) Sought an injunction barring the person from the premises.
      (2) Provided a written statement to the landlord stating that the person will no longer be an invited guest of the tenant and the tenant has not subsequently invited the person to be the tenant's guest.
2. A tenant who is a victim of domestic abuse, sexual assault, or stalking may have the right to terminate the rental agreement in certain limited situations, as provided in section 704.16 of the Wisconsin statutes. If the tenant has safety concerns, the tenant should contact a local victim service provider or law enforcement agency.
3. A tenant is advised that this notice is only a summary of the tenant's rights and the specific language of the statutes governs in all instances.

DAMAGE BY CASUALTY: If the Premises are damaged by fire or other casualty to a degree which renders them untenantable, Tenant may terminate this Agreement or vacate the Premises and rent shall abate until the Premises are restored to a condition comparable to its condition prior to the casualty. Landlord shall have the option to repair the Premises, and if repairs are not made, this Agreement shall terminate. If the Premises are damaged to a degree which does not render them untenantable, Landlord shall repair the damages as soon as reasonably possible.

ENTRY BY LANDLORD: Landlord may enter the Premises occupied by Tenant, with or without Tenant's consent, at reasonable times upon twelve (12) hours advance notice to inspect the Premises, make repairs, show the Premises to prospective tenants or purchasers, or comply with applicable laws or regulations. Landlord may enter without advance notice when a health or safety emergency exists, or if Tenant is absent and Landlord believes entry is necessary to protect the Premises or the building from damage. Neither party shall add or change locks without providing the other party keys. Improper denial of access to the Premises is a breach of this Agreement.

EXTERMINATION COSTS: Tenant will be responsible for the costs of extermination or removal of any insects, pests, or rodents that are found on the Premises, and which are the result of the Tenant's (or any member of the Tenant's household, Tenant's guests, or invitees) acts, negligence, failure to keep the Premises clean, failure to remove garbage and waste, and/or improper use of the Premises.

RULES: Landlord may make reasonable rules governing the use and occupancy of the Premises and the building in which unit is located. Any failure by the Tenant to substantially comply with the rules will be a breach of this Agreement and may result in the eviction of the Tenant. Landlord may amend the rules to provide for newly added amenities or to meet changed circumstances or conditions adversely affecting the property. No such amendments may unreasonably interfere with Tenant's use and enjoyment of the Premises or the property of which it is a part. A copy of the rules, if applicable, have been given to Tenant at the time of application and at the time of the signing of this Agreement.

CONTINUATION OF AGREEMENT: If Tenant continues to occupy the Premises after the expiration of this Agreement and makes a timely payment of rent, which is accepted by Landlord, Tenant shall be under a month to month tenancy with the same terms and conditions of the original rental agreement unless other arrangements have been made in writing.

ASSIGNMENT OR SUBLEASE: Tenant shall not assign this Agreement or sublet the Premises without the written consent of Landlord.

MODIFICATIONS AND TERMINATION: This Agreement may be terminated or modified by written agreement of Landlord and Tenant. The parties may terminate this Agreement and enter into a new Agreement instead of renewing it, assigning it, or subleasing the Premises.

SEVERABILITY OF RENTAL AGREEMENT PROVISIONS: The provisions of this rental agreement are severable. If any provision of this rental agreement is found to be void or unenforceable, the unenforceability of that provision does not affect the other provisions that can be given effect without the invalid provisions.

NON-WAIVER: Any failure to act by Landlord with regard to any specific violation or breach of any term of this Agreement by Tenant shall be considered temporary and does not waive Landlord's right to act on any future violation or breach by Tenant. Landlord, by accepting payment from Tenant for rent or any other amount owed, is not waiving its right to enforce a violation or breach of any term of this Agreement by Tenant.

# Transactions

Date Range: All

| Tenant | Account | Property | Unit | Active Start | Active End |
|---|---|---|---|---|---|
| Mary Brown Lee | 14084 | 5230 N Sherman Bld | 5230-19 | 6/5/2019 | |

| Date | Reference | Description | Comment | Amount | Balance |
|---|---|---|---|---|---|
| 06/05/19 | | Note Account | Rented By: Angel | 0.00 | 0.00 |
| 06/05/19 | | Security Deposits | BP 07-14-2019 | 670.00 | 670.00 |
| 06/05/19 | | Payment Received | Deposit - June 15th | -700.00 | -30.00 |
| 06/14/19 | | Payment Received | | -640.00 | -670.00 |
| 06/15/19 | | Rent Charge | Prorated Rent - June 15th | 335.00 | -335.00 |
| 07/01/19 | | Rent Charge | July 2019 Rent | 670.00 | 335.00 |
| 07/05/19 | CASH | Payment Received | | -235.00 | 100.00 |
| 07/06/19 | | Late Charge | Late Fee after the 5th | 50.00 | 150.00 |
| 07/11/19 | | Late Charge | Late Fee after the 10th | 50.00 | 200.00 |
| 08/01/19 | | Rent Charge | August 2019 Rent | 670.00 | 870.00 |
| 08/05/19 | CASH | Payment Received | | -770.00 | 100.00 |
| 08/08/19 | 11504931 | Payment Received | PD DropBox | -100.00 | 0.00 |
| 09/01/19 | | Rent Charge | September 2019 Rent | 670.00 | 670.00 |
| 09/06/19 | | Late Charge | Late Fee after the 5th | 50.00 | 720.00 |
| 09/11/19 | | Note Account | CERITIFIED 5 DAY EXP 9/18/19 | 0.00 | 720.00 |
| 09/11/19 | | Late Charge | Late Fee after the 10th | 50.00 | 770.00 |

Transactions   09/17/19 10:35 AM          Page 1 of 1          rentmanager.com - property management systems   rev.12.512

Case 19-28702-kmp    Doc 27    Filed 10/01/19    Page 7 of 10

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: Mary E. Brown-Lee,           Case No. 19-28702
              Debtor.                               Chapter 13

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2019, a Notice of Motion and Motion for Relief from Automatic Stay and Abandonment in this case was electronically filed with the Clerk of Court and served upon the following parties using the ECF system:

    Todd C. Esser, Attorney for Debtor
    Rebecca R. Garcia, Trustee
    Office of the U.S. Trustee

I further certify that I have mailed by United States Postal Service the same documents to the following non-ECF participants:

    See Attached Creditor Mailing Matrix

Dated this 1st day of October, 2019.

                                              *[signature]*
                                              Laura J. Leonhardt
                                              Legal Assistant
                                              Darnieder & Sosnay
                                              735 N. Water Street, Suite 205
                                              Milwaukee, WI 53202
                                              T: (414) 277-1400 F: (414) 277-7087

| | City Of Milwaukee<br>200 East Wells Street<br>Milwaukee, WI 53202-3515 | ACL Laboratories<br>PO Box 27901<br>Milwaukee, WI 53227-0901 |
|---|---|---|
| | AT&T<br>% Bankruptcy Dept.<br>PO Box 769<br>Arlington, TX 76004-0769 | Badger Mutual Insurance Co.<br>P.O. Box 2092<br>Milwaukee, WI 53201-2092 |
| | CSM Billing Office<br>PO Box 451<br>Milwaukee, WI 53201-0451 | CSM Hospitals<br>7389 Solution Center<br>Chicago, IL 60677-7003 |
| (p)CAINE & WEINER COMPANY<br>12005 FORD ROAD 300<br>DALLAS TX 75234-7262 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-2321 | Chase Bank<br>Bankruptcy Department<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 |
| ChexSystems<br>Consumer Relations<br>7805 Hudson Rd. Suite 100<br>Woodbury, MN 55125-1595 | City of Milwaukee<br>City Treasurer<br>200 E. Wells Street<br>Milwaukee, WI 53202-3546 | City of Milwaukee<br>Office of the City Attorney<br>200 E. Well Street - Suite 800<br>Milwaukee, WI 53202-3551 |
| | Credit Acceptance Corp<br>25505 West Twelve Mile Rd<br>Southfield, MI 48034-8316 | Credit Collection Services<br>Attn: Bankruptcy<br>725 Canton St<br>Norwood, MA 02062-2679 |
| Daubert Law Firm LLC<br>One Corporate Drive, Suite 400<br>PO Box 1519<br>Wausau, WI 54402-1519 | Dobberstein Law Firm LLC<br>Meghan P. MacKelly<br>225 South Executive Drive, Suite 201<br>PO Box 410<br>Brookfield, WI 53008-0410 | Edward Lee<br>PO Box 05354<br>Milwaukee, WI 53205-0354 |
| Enterprise Rent-a-Car<br>PO Box 801988<br>Kansas City, MO 64180-1988 | FedLoan Servicing<br>Attn: Bankruptcy<br>Po Box 69184<br>Harrisburg, PA 17106-9184 | Franklin Collection Service, Inc.<br>Attn: Bankruptcy<br>Po Box 3910<br>Tupelo, MS 38803-3910 |
| Gebhard Law Office LLC<br>8435 West Burleigh Street<br>Milwaukee, WI 53222-3716 | | Get It Now, LLC<br>Attn: Mitchell B. Fadel, CEO<br>5501 Headquarters Dr<br>Plano, TX 75024-5837 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Kohn Law Firm SC<br>735 N. Water Street #1300<br>Milwaukee, WI 53202-4106 | Lastarisia Ray<br>3909 North 11th Street<br>Milwaukee, WI 53206-3059 |

| | | |
|---|---|---|
| Louvenia Robinson<br>P.O. Box 2092<br>Milwaukee, WI 53201-2092 | Milwaukee Board of School Directors<br>5225 W. Vliet St.<br>Milwaukee, WI 53208-2698 | Milwaukee Municipal Court<br>951 North James Lovell Street<br>Milwaukee, WI 53233-1449 |
| Monarch Recovery Management, Inc.<br>P.O. Box 986<br>Bensalem, PA 19020-0986 | National Credit Adjusters, LLC<br>327 W 4th Ave.<br>Po Box 3023<br>Hutchinson, KS 67504-3023 | |
| Orthopedic Surgeons of Wisconsin, S.C.<br>P.O. Box 78945<br>Milwaukee, WI 53278-8945 | Professional Bureau of Collections of<br>Maryland, Inc.<br>Attn: Bankruptcy<br>5295 DTC Parkway<br>Greenwood Village, CO 80111-2752 | Robert J. Hyndman, Esq.<br>Law Office of Robert J. Hyndman<br>12521 W. Hampton Ave.<br>PO Box 624<br>Butler, WI 53007-0624 |
| Rosen Dealership-Milwaukee<br>5505 S. 27th St.<br>Milwaukee, WI 53221-4105 | Santander Consumer USA<br>Attn: Bankruptcy Department<br>PO Box 560284<br>Dallas, TX 75356-0284 | Seventh Avenue<br>1112 7th Avenue<br>Monroe, WI 53566-1364 |
| Spectrum<br>P.O. Box 2553<br>Columbus, OH 43216-2553 | (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | T Mobile/T-Mobile USA Inc<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |
| (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | U.S. Department of Education<br>FedLoan Servicing<br>P.O. Box 69184<br>Harrisburg, PA 17106-9184 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 |
| US Cellular<br>Attn: Write Off Department<br>PO Box 7835<br>Madison, WI 53707-7835 | WE Energies<br>Attn: Bankruptcy Dept. - A130<br>PO Box 2046<br>Milwaukee, WI 53201-2046 | We Energies<br>Attn Bankruptcy Dept. RM A130<br>333 W Everett St<br>Milwaukee WI 53203-2803 |
| Wells Fargo Bank<br>P.O. Box 6426<br>Carol Stream, IL 60197-6426 | Wisconsin Department of Revenue<br>Special Procedures Unit<br>PO Box 8901<br>Madison, WI 53708-8901 | Mary E Brown-Lee<br>3909 N. 11th St.<br>Milwaukee, WI 53206-3059 |